FILED

2016 Nov-10  AM 09:18
U.S. DISTRICT COURT
N.D. OF ALABAMA



UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| D'ANZA JOHNSON, | ) |
| | ) |
| Plaintiff | ) |
| | ) |
| vs. | ) Case No.  2:15-cv-01074-HGD |
| | ) |
| AT&T, Inc., et al., | ) |
| | ) |
| Defendants | ) |

**MEMORANDUM OPINION**

This case comes before the Court on a motion to dismiss filed by Defendant

AT&T, Inc. (AT&T) pursuant to Federal Rule of Civil Procedure 12.  (Doc. 14).

AT&T argues this case should be dismissed for lack of personal jurisdiction,

insufficiency of service, and failure to state a claim upon which relief can be granted.

The parties fully briefed the motion.  (Docs. 15, 19, 20).  After reviewing the

pleadings and the parties' submissions, the Court concludes that the motion (Doc. 14)

is due to be GRANTED, as set forth more fully below.

**STANDARDS OF REVIEW**

A Rule 12(b)(6) motion to dismiss for failure to state a claim attacks the legal

sufficiency of the complaint.  Generally, the Federal Rules of Civil Procedure require

only that the complaint provide "'a short and plain statement of the claim' that will

give the defendant fair notice of what the plaintiff's claim is and the grounds upon which in rests." *Conley v. Gibson*, 355 U.S. 41, 47 (1957) (quoting Fed.R.Civ.P. 8(a)). A plaintiff must provide the grounds of his entitlement, but Rule 8 generally does not require "detailed factual allegations." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Rule 8 does, however, "demand[] more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). If the court determines that well-pleaded facts, accepted as true, do not state a claim that is plausible, the claim must be dismissed. *Id.*

On a Rule 12(b)(2) motion to dismiss for lack of personal jurisdiction, "the district court must accept the facts alleged in the complaint as true, to the extent they are uncontroverted by the defendant's affidavits." *Madara v. Hall*, 916 F.2d 1510, 1514 (11th Cir. 1990). The plaintiff has the burden of establishing a *prima facie* case of personal jurisdiction over a non-resident defendant. *See Morris v. SSE, Inc.*, 843 F.2d 489, 492 (11th Cir. 1988). Where, as here, the defendant submits affidavits to the contrary, the burden shifts back to the plaintiff to produce evidence supporting jurisdiction unless those affidavits contain only conclusory assertions that the

defendant is not subject to jurisdiction. *See Posner v. Essex Ins. Co.*, 178 F.3d 1209, 1215 (11th Cir. 1999). Where the plaintiff's complaint and supporting evidence conflict with the defendant's affidavits, the court must construe all reasonable inferences in favor of the plaintiff. *Meier v. Sun Int'l Hotels, Ltd.*, 288 F.3d 1264, 1269 (11th Cir. 2002).

A motion to dismiss brought pursuant to Rule 12(b)(5) tests the sufficiency of the service of process. When a defendant contests the sufficiency of service, the plaintiff bears the burden of proving proper service. *James v. City of Huntsville, Ala.*, No. 5:14-cv-02267-SGC, 2015 WL 3397054, at *1 (N.D.Ala. May 26, 2015).

## PROCEDURAL AND FACTUAL BACKGROUND

Plaintiff D'Anza Johnson filed suit against AT&T and AT&T Umbrella Benefit Plan No. 1 (Plan No. 1) on June 25, 2015, seeking benefits under the Employee Retirement Income Security Act, 29 U.S.C. § 1001, *et seq.* (ERISA). (Doc. 1). Johnson amended her complaint three days later, substituting as a defendant AT&T Umbrella Benefit Plan No. 3 (Plan No. 3) for Plan No. 1. (Doc. 3).

Plan No. 3 is an employee welfare benefit plan sponsored by AT&T. (Doc. 15-2 at 34-35). The plan administrator is AT&T Services, Inc. (*Id.* at 34). The claims administrator is Sedgwick Claims Management Services, Inc. (Sedgwick), which operates the AT&T Integrated Disability Service Center. (*Id.* at 32). Plan No. 3 is

funded by a trust, and the trustee is AT&T Voluntary Employee Beneficiary Association Trust (AT&T Trust) with Frost National Bank.  (*Id.* at 35-36).

Counsel for Plan No. 3 waived service on August 27, 2015; counsel also suggested that plaintiff's counsel dismiss AT&T and substitute AT&T Services, Inc. as the proper defendant.  (Doc. 15-3 at 3).  The waiver of service for Plan No. 3 was filed on September 9, 2015, and Plan No. 3 answered the amended complaint on September 28, 2015.  (Docs. 4, 7).

On October 21, 2015, plaintiff filed a request for service by certified mail on AT&T.  (Doc. 8).  The clerk issued a summons and mailed it to AT&T the following day.  (Doc. 9).  The return of service indicates service on AT&T on November 12, 2015.  (Doc. 12).  AT&T filed its motion to dismiss on December 3, 2015.  (Doc. 14).

## ANALYSIS

AT&T first argues that dismissal is warranted because plaintiff failed to state a claim against it.[1]  (Doc. 15 at 4).  AT&T argues that the plan administrator for Plan No. 3—AT&T Services, Inc.—is the proper defendant, not AT&T.  "The proper party

---

[1] As a threshold matter, the Court concludes that it has personal jurisdiction over AT&T. *Cf. Caudle v. Life Ins. Co. of N. Am.*, 33 F.Supp.3d 1288, 1298 (N.D.Ala. 2014) (setting forth the test for personal jurisdiction over a holding company in an ERISA case where a federal question forms the basis for the court's jurisdiction).  Though the Court rejects AT&T's argument for dismissal based upon personal jurisdiction grounds, the Court dismisses on other grounds asserted pursuant to Rule 12(b)(6).

defendant in an action concerning ERISA benefits is the party that controls the administration of the plan." *Garren v. John Hancock Mut. Life Ins. Co.*, 114 F.3d 186, 187 (11th Cir. 1997). "Proof of who is the plan administrator may come from the plan document, but can also come from the factual circumstances surrounding the administration of the plan, even if these factual circumstances contradict the designation in the plan document." *Hamilton v. Allen-Bradley Co.*, 244 F.3d 819, 824 (11th Cir. 2001).

ERISA imposes liability only on "fiduciaries." A "'person or entity becomes an ERISA fiduciary either by being named as a fiduciary in written instruments that govern how an employee benefit plan is established or maintained, or by exercising discretionary authority or control over the management, administration, or assets of a plan.'" *Woods v. Southern Co.*, 396 F.Supp.2d 1351, 1364 (N.D.Ga. 2005) (quoting *In re Dynegy, Inc. ERISA Litig.*, 309 F.Supp.2d 861, 872 (S.D.Tex. 2004)).

Plaintiff's amended complaint has the following allegations regarding AT&T and AT&T Services, Inc.:

> 5.     AT&T Services, Inc., is a wholly owned subsidiary of AT&T, Inc., is the Plan Administrator of The Plan, and directly decides claims under The Plan.

> 6.     AT&T, Inc. has refused to pay the benefits due under The Plan as a consequence of the arbitrary and capricious denial of the claim by its subsidiary AT&T Services, Inc. . . . .

8.      AT&T, Inc. and its subsidiaries pay the benefits for short term disability under The Plan directly from their payroll and are financially obligated to pay the benefits to any disabled employee.

9.      Annually, AT&T, Inc. calculates the anticipated amounts of money it and its subsidiaries will need to pay long term disability benefit claims under The Plan for the next year.

10.      The amount AT&T, Inc. calculated that is needed to pay long term disability claims is divided by 12 and paid monthly into a bank account at Frost National Bank in the name of AT&T Voluntary Employee Beneficiary Association Trust . . . .

13.      AT&T, Inc. and subsidiary companies pay funds from their operating expenses to the trust bank account and the operating fund payments are spent on claims for long term disability by paying the funds out of the trust bank account to long term disability beneficiaries. . . . .

16.      AT&T, Inc. and its subsidiaries are financially obligated to pay the long term disability benefits under the Plan whether or not there are assets in the trust bank account to pay such claims.

17.      AT&T, Inc. and AT&T Services, Inc. have a structural conflict of interest[1] because AT&T Services, Inc., is deciding claims that AT&T,

---

[1] At this point it is worth noting that in a similar case, the Eleventh Circuit stated that a conflict of interest almost certainly did not exist where BellSouth (the employer/sponsor of an employee benefits plan) had not retained the ability to control all aspects of claims dispositions, where authority and discretion to handle claims had been delegated to another entity, and where a trust provided the funding for the plan benefits. *Echols v. Bellsouth Telecommunications, Inc.*, 385 Fed.Appx. 959, 961 n.1 (11th Cir. 2010) ("Although we need not so decide, the use of the trust likely further insulates BellSouth from any conflict of interest pursuant to the authority of *Gilley v. Monsanto Co.*, 490 F.3d 848 (11th Cir. 2007); *Turner v. Delta Family-Care Disability and Survivorship Plan*, 291 F.3d 1270 (11th Cir. 2002); and *Buckley v. Metropolitan Life*, 115 F.3d 936 (11th Cir. 1997).").

Inc. and other AT&T subsidiaries must pay from operating expenses that are passed through the trust bank account.

(Doc. 3).  According to the plan documents, relied upon and cited by both parties, Plan No. 3 is an employee welfare benefit plan sponsored by AT&T.  (Doc. 15-2 at 34-35).  The plan administrator is AT&T Services, Inc.  (*Id.* at 34).  The claims administrator is Sedgwick, which operates the AT&T Integrated Disability Service Center.  (*Id.* at 32).  Plan No. 3 is funded by a trust, and the trustee AT&T Trust with Frost National Bank.  (*Id.* at 35-36).

When resolving a motion to dismiss under Rule 12(b)(6), the Court is typically constrained to look only to the allegations of the complaint.  *See, e.g., Murphy v. FDIC*, 208 F.3d 959, 962 (11th Cir. 2000).  However, the Eleventh Circuit permits reference to a document attached to a motion to dismiss where the document is "central to the plaintiff's claim" and is "undisputed" in the sense that "the authenticity of the document is not challenged." *Horsley v. Feldt*, 304 F.3d 1125, 1134 (11th Cir. 2002); *Saunders v. Liberty Life Assur. Co. of Boston*, No. 5:14-cv-1181-JHE, 2014 WL 6773252, at *2 (N.D.Ala. Dec. 2, 2014) (noting that consideration of the plan document did not require conversion of the defendant employer's motion to dismiss into a motion for summary judgment); *see also Woods v. Southern Co.*, 396 F.Supp.2d 1351, 1359 (N.D.Ga. 2005).

The plan documents make clear that AT&T is the plan sponsor, but that AT&T Services, Inc., is the plan administrator, Sedgwick is the claims administrator, and the AT&T Trust pays any benefits due under the plan. The allegations in the amended complaint acknowledge that AT&T Services, Inc. is the plan administrator (Doc. 3, ¶5) and that benefits due under Plan No. 3 are paid by the AT&T Trust (Doc. 3, ¶¶9-13). The plan administrator, claims administrator, trustee and Plan No. 3 itself are all entities separate from AT&T that can be sued in their own right. *Saunders*, 2014 WL 6773252, at \*3; 29 U.S.C. § 1132(d)(1) ("An employee benefit plan may sue or be sued under this subchapter as an entity."); *Rosen v. TRW, Inc.*, 979 F.2d 191, 192-93 & 194 n.2 (11th Cir. 1992) (finding a company properly dismissed where the plan designated an unincorporated committee as administrator under ERISA and the complaint did not allege the committee and company were alter egos); *Boyer v. J.A. Majors Co. Emp. Profit Sharing Plan*, 481 F.Supp. 454, 458 (N.D.Ga. 1979) ("[T]he Committee was an entity separate from the Company."). Just as in *Saunders*, the employer/plan sponsor AT&T is due to be dismissed as a named defendant to this action. 2014 WL 6773252, at \*2.

Because the Court dismisses the claims against AT&T on Rule 12(b)(6) grounds, it need not consider AT&T's other arguments for dismissal.

## CONCLUSION

Based on the foregoing, the Court concludes that AT&T's motion to dismiss

(Doc. 14) is due to be GRANTED and that the claims against AT&T are due to be

DISMISSED.  A separate order in conformity with this Memorandum Opinion will

be entered contemporaneously herewith.

DONE and ORDERED this 10th day of November, 2016.

_____
HARWELL G. DAVIS, III
UNITED STATES MAGISTRATE JUDGE