UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| D'ANZA JOHNSON, | ) |
| Plaintiff | ) ) ) |
| vs. | ) Case No. 2:15-cv-01074-HNJ ) |
| AT&T UMBRELLA BENEFIT PLAN NO. 3, | ) ) ) ) |
| Defendant | ) |

## **MEMORANDUM OPINION**

This action proceeds before the court on plaintiff's Motion to Set Aside the Order Striking the Motion for Summary Judgment and to Allow the Motion for Summary Judgment and, in the Alternative, to Treat the Motion as a Rule 59 Motion to Vacate the Partial Dismissal Order. (Doc. 40). Defendant filed a response taking no position on the matter (Doc. 43), but plaintiff filed no reply despite an order allowing her to do so.

The Rule 16 Scheduling Order entered February 29, 2016, set a dispositive motion deadline of November 1, 2016. (Doc. 25 at 1). Defendant AT&T Umbrella Benefit Plan No. 3 timely filed a Motion for Summary Judgment on November 1, 2016.

1

(Doc. 29). On November 10, 2016, the court dismissed AT&T, Inc., as a defendant pursuant to a December 3, 2015, Motion to Dismiss. (Docs. 33 & 34).

On November 21, 2016, plaintiff filed a "Motion for Judgment." (Doc. 35). The motion sought a variety of relief, including "a judgment reversing the decision to deny benefits under the Short Term Disability Plan and ordering AT&T to pay the benefits through its payroll," and an order vacating the dismissal of AT&T, Inc. Because plaintiff filed her motion after the dispositive motion deadline of November 1, 2016, the court struck the summary judgment motion as untimely; however, the court advised plaintiff it would consider plaintiff's response to defendant's Motion for Summary Judgment as timely filed. (Doc. 39). Thereafter, plaintiff filed the motion at bar.

In the motion, plaintiff's counsel states he erroneously believed the court extended the deadline for dispositive motions to November 21, 2016. Plaintiff had previously filed a motion to compel (Doc. 27), and with their opposition thereto defendants attached as an exhibit an order in another case, *Lee v. AT&T Operations, Inc., et al.*, Case No. 2:10-cv-00289-RRA, entered October 21, 2011. (*See* Doc. 40 at 6-11). The order in the *Lee* case concluded with extension of the dispositive motion deadline in that case to November 21, 2011. (*Id.* at 11). Plaintiff's counsel misread the *Lee* order, believing that the deadline extension appertained to this case.

2

### *Rule 59(e) Motion*

To the extent plaintiff asks the court to reconsider its order dismissing AT&T, Inc., as a defendant, the court denies plaintiff's request. The court may not alter or amend a judgment until the court has entered final judgment, and the court had not entered final judgment, or even partial judgment, as either consideration involves either the filing of a separate document pursuant to Rule 58, Federal Rules of Civil Procedure (for the former action), or an order pursuant to Rule 54(b), Federal Rules of Civil Procedure (for the latter action). Although the court had dismissed defendant AT&T, Inc., it had not entered final or partial judgment on the dismissal, and thus the court deems plaintiff's motion premature.

Furthermore, the plaintiff did not present any appropriate basis for a Rule 59(e) motion. The text of Rule 59(e) does not set forth specific grounds for relief, and the rule commits the decision to alter or amend judgment to the sound discretion of the court. *American Home Assurance Co. v. Glenn Estess & Assocs., Inc.*, 763 F.2d 1237, 1238-39 (11th Cir. 1985). Pursuant to circuit precedent, a court may grant a Rule 59(e) motion due to "newly-discovered evidence or manifest errors of law or fact." *United States v. Marion*, 562 F.3d 1330, 1335 (11th Cir. 2009) (quoting *Arthur v. King*, 500 F.3d 1335, 1343 (11th Cir. 2007) (*per curiam*), *cert. denied*, 552 U.S. 1040 (2007)). In contrast, a

court may not rely upon Rule 59(e) to "'relitigate old matters or to present arguments or evidence that could have been raised prior to judgment.'" *Wilchombe v. TeeVee Toons, Inc.*, 555 F.3d 949, 957 (11th Cir. 2009) (quoting *Michael Linet, Inc. v. Village of Wellington, Fla.*, 408 F.3d 757, 763 (11th Cir. 2005)). Furthermore, the court will not amend or alter a judgment if doing so serves no useful purpose. 11 Wright, Miller & Kane, *Federal Practice and Procedure* § 2810.1 (2d Ed. 1995). A Rule 59(e) motion "is not a vehicle for rehashing arguments already rejected by the court or for refuting the court's prior decision." *Wendy's Int'l, Inc. v. Nu-Cape Constr., Inc.*, 169 F.R.D. 680, 686 (M.D. Fla. 1996).

Plaintiff has neither pointed to any change in controlling law nor provided any new evidence. The court also finds no clear error or manifest injustice in its prior order. Therefore, the court DENIES the Rule 59(e) motion to set aside the court's order dismissing AT&T, Inc., as a defendant.

### Striking Plaintiff's Summary Judgment Motion

Pursuant to Federal Rule of Civil Procedure 16(b), the district court issues a scheduling order that limits the time to file dispositive motions. Fed. R. Civ. P. 16(b)(3)(A). The court may modify its schedule only for good cause and with the court's consent. Fed. R .Civ. P. 16(b)(4). To establish good cause, the party seeking

4

the extension must establish that the schedule could not be met despite the party's diligence. *Oravec v. Sunny Isles Luxury Ventures, L.C.*, 527 F.3d 1218, 1232 (11th Cir. 2008). The Eleventh Circuit has held that a district court does not abuse its discretion by holding the litigants to the clear terms of its scheduling order. *See, e.g., Josendis v. Wall to Wall Residence Repairs, Inc.*, 662 F.3d 1292, 1307 (11th Cir. 2011).

When a party files a motion to extend an already-expired deadline set in an order, Federal Rule of Civil Procedure 16(b) provides the proper guide for determining whether to modify the scheduling order. *Southern Grouts & Mortars, Inc. v. 3M Co.*, 575 F.3d 1235, 1241 (11th Cir. 2009). In such cases, the moving party is required to show good cause. *Id.* (quoting Fed. R. Civ. P. 16(b)(4)). The good cause standard required to modify a scheduling order precludes modification unless the schedule "cannot be met despite the diligence of the party seeking the extension." *Sosa v. Airprint Sys.*, 133 F.3d 1417, 1418 (11th Cir. 1998) (citing Fed. R. Civ. P. 16 advisory committee's notes); *see also Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992) ("If [a] party was not diligent, the [good cause] inquiry should end."). In short, diligence is the key to satisfying the good cause requirement. *Sosa*, 133 F.3d at 1419.

In addition, Rule 6(b) provides that the court may extend a deadline for good cause when an act must be done within a specified time. Fed. R. Civ. P. 6(b)(1)(A).

5

However, when a party moves to extend a deadline after that deadline has expired, Rule 6(b) provides that good cause manifests only "if the party failed to act *because of excusable neglect*." Fed. R. Civ. P. 6(b) (emphasis added).

In *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380 (1993), the Supreme Court established the following factors for its consideration of excusable neglect: "the danger of prejudice to the debtor, the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith." *Id.* at 395; s*ee Ashmore v. Sec'y, DOT*, 2013 WL 28433, *4 (11th Cir. Jan. 3, 2013) (applying *Pioneer* factors to analysis of excusable neglect under Rule 6(b) and stating, "We have noted that, in *Pioneer*, the Supreme Court accorded primary importance to the absence of prejudice to the nonmoving party and to the interest of efficient judicial administration," citing *Cheney v. Anchor Glass Container Corp.*, 71 F.3d 848, 850 (11th Cir. 1996) (delayed filing caused by miscommunication between lawyers)); *see also Walter v. Blue Cross & Blue Shield United*, 181 F.3d 1198, 1202 (11th Cir. 1998) (finding excusable neglect where secretary did not record a filing deadline).

Plaintiff's counsel's mistaken reliance on a 2011 order defendants attached as an exhibit to their filing falls short of the good cause meriting extension of the dispositive

motion deadline. In any event, the court considers plaintiff's instant motion moot as the court will grant defendant AT&T Umbrella Benefit Plan No. 3's summary judgment motion. The court reviewed all of the submitted evidence and arguments (as plaintiff's summary judgment motion largely duplicated the arguments in its opposition to defendant's summary judgment motion), and the court granted summary judgment in favor of defendant. Therefore, no prejudice results to plaintiff from disallowing her purported cross motion for summary judgment because the court considered the arguments in the summary judgment opinion.

Accordingly, the court DENIES plaintiff's motion to permit the filing of her untimely motion for summary judgment.

DONE and ORDERED this 9th day of January, 2018.

_____
HERMAN N. JOHNSON, JR.
UNITED STATES MAGISTRATE JUDGE